UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARREN E. CRAWFORD, SR.,      :     CIVIL NO. **1:06-CV-01651**
                            :
         Plaintiff       :     (Chief Judge Kane)
                            :
      v.             :     (Magistrate Judge Smyser)
                            :
LEBANON COUNTY CORRECTIONAL  :
FACILITY, ROBERT KARNES and  :
DR. YOCUM,                :
                            :
        Defendants     :

### REPORT AND RECOMMENDATION

On August 23, 2006, the plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint.

By an Administrative Order dated September 1, 2006, the plaintiff was ordered to either pay the filing fee or file a properly completed application to proceed *in forma pauperis* and authorization form to have the filing fee deducted from his prison account in installments.  On October 2, 2006, the plaintiff filed an application to proceed *in forma pauperis* and

an authorization form.  By a separate order we have granted the

plaintiff's application for leave to proceed *in forma pauperis.*


We review the case pursuant to 28 U.S.C. § 1915A which

provides, in pertinent part:

> **(a) Screening.**- The court shall review,
> before docketing, if feasible or, in any event,
> as soon as practicable after docketing, a
> complaint in a civil action in which a prisoner
> seeks redress from a governmental entity or
> officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**- On review, the
> court shall identify cognizable claims or
> dismiss the complaint, or any portion of the
> complaint, if the complaint-
> (1) is frivolous, malicious, or fails to
> state a claim upon which relief may be granted;
> or
> (2) seeks monetary relief from a defendant
> who is immune from such relief.


The complaint names as defendants: the Lebanon County

Correctional Facility (LCCF); Robert Karnes, the Warden at the

LCCF; and Dr. Yocum, a doctor at the LCCF.

The plaintiff alleges that corrections officers deny, drop and unsanitarily pass out his medications.  The plaintiff also mentions a slip and fall accident that he had.

In his complaint, the plaintiff mentions a prior case he filed with this court - *Crawford v. Lebanon County Correctional Facility, 1:06-CV-00902.*  The claims raised by the plaintiff in the instant case are the same claims that the plaintiff raised in his prior case.  By an Order dated August 18, 2006, Chief Judge Kane dismissed the plaintiff's complaint in his prior case for failure to state a claim upon which relief may be granted.  With respect to the plaintiff's claim regarding his slip and fall, Chief Judge Kane determined that negligence does not amount to a constitutional violation.  With respect to the plaintiff's claim regarding corrections officers passing out medication, Chief Judge Kane indicated that she could not find support for the proposition that corrections officers should not be allowed to distribute medication, but, conversely, that the distribution of medication by corrections officers appears to be an accepted practice.

3

For the reasons that the plaintiff's prior case was dismissed, it will be recommended that the instant case be dismissed.

Based on the foregoing it is recommended that this case be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  October 16, 2006.

4